**Gary R. RACHUBKA, Plaintiff,**

v.

**INCOM INTERNATIONAL, et al., Defendants.**

Civ. A. No. C82–1625A.

United States District Court, N.D. Ohio, E.D.

Nov. 23, 1982.

Gary W. Kisling, Emerson, Muskat, Axner & Shumaker, Akron, Ohio, for plaintiff.

Charles R. Armstrong, Gen. Counsel, Paul H. Malesick, II, Asst. Gen. Counsel, Akron, Ohio, for United Rubber, Cork, Linoleum and Plastic Workers of America, Local Union No. 924, AFL–CIO.

Mark Hilkert, Scanlon & Gearinger, Akron, Ohio, for Incom Intern., Morse Control Div.

---

11. At oral argument, the Court noted that it found defendants' arguments based on licensee estoppel to be unpersuasive.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is defendant Incom International's Motion for Summary Judgment. The Motion is granted, and defendant Local Union Number 924 is also dismissed, *sua sponte.*

Jurisdiction of the Court is proper pursuant to 29 U.S.C. § 185.

Plaintiff, Gary Rachubka, was discharged from his position at Incom International ("Incom") on June 10, 1980. Shortly afterwards, he filed a grievance with defendant, United Rubber, Cork, Linoleum and Plastic Workers of America, Local No. 924 ("Union"). The Union Executive Board chose not to pursue the grievance to arbitration and Rachubka was so notified by certified mail dated August 5, 1980. On September 25, 1980 Rachubka was notified by the Union that the grievance had been presented to the Union membership and they voted against an arbitration hearing. On June 25, 1982 Rachubka filed suit against Incom, the Union, and the International Union, for breach of contract and breach of the duty of fair representation. Rachubka's motion to voluntarily dismiss the International Union, was granted on October 7, 1982, leaving Incom and the Local Union as defendants.

### I

The Supreme Court precedent of *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) mandates the use of the state statute of limitations governing vacation of an arbitration award in an action pursuant to 29 U.S.C. § 185. *Badon v. General Motors Corporation,* 679 F.2d 93 (6th Cir.1982) followed *Mitchell,* and in the absence of a Michigan statute of limitations to vacate an arbitration award, imposed the National Labor Relations Act limitation of six months. Ohio, however, has a 90-day limitation governing vacation of an arbitration award. O.R.C. 2711.13.

Rachubka argues that the "decision in *Badon* is not warranted by *Mitchell.*" Since the facts of *Mitchell* are so similar to this case, this Court reads Rachubka's argument to mean that he apparently does not believe *Mitchell* and *Badon* should be applied retrospectively. The effect of his statement is to ask this Court to ignore the clear precedent of *Mitchell* and *Badon.*

In *Chevron v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) the Supreme Court established the following three factors which must all be met by the plaintiff to establish nonretroactivity: 1) the new decision overrules clear-cut, past precedent upon which the litigants may have relied; 2) retrospective application promotes the underlying policies of the new rule; and 3) retrospective operation produces substantial inequity. *Chevron, supra,* at 106–7, 92 S.Ct. at 355. *See also, Brain v. Roadway Express, Inc.,* No. C80–2338 (N.D. Ohio, December 3, 1981).

Rachubka filed suit June 25, 1982 at which time both *Badon* and *Mitchell* had been decided. Since this suit is governed by those two decisions, there is, in fact, no new precedent, and Rachubka immediately fails to meet the first prong of the nonretroactivity test. Prong two requires that the new three-month limitation must nevertheless be met; Rachubka waited nearly one and a half years. Prong three requires the weighing of equitable considerations, but there is no point in pursuing this avenue of thought because the first two prongs have not been met and retroactive application is mandated.

### II

Rachubka also argues that he never reached actual arbitration and therefore, arbitration limitations should not be applied to his case. The court of appeals in *Badon* found the fact that Badon had not gone to actual arbitration insufficient to disturb the rationale of *Mitchell.*

> [W]here an employer's decision has become final through the operation of the collectively bargained-for private system of dispute resolution, the rule of *Mitchell* applies and the state statute of limitations pertaining to the vacation of arbi-

554

tration awards will be utilized in subsequent federal court proceedings.

*Badon, supra,* at 98. *See also, Brain, supra.*

Consequently, the Court is required to grant Incom's Motion for Summary Judgment, pursuant to Fed.R.Civ. P. 58.

### III

■ This decision leaves the Local Union as the sole defendant. This Court raises the statute of limitations, *sua sponte,* as did the Supreme Court, indirectly, in *United Steelworkers of America v. Flowers,* 451 U.S. 965, 101 S.Ct. 2039, 68 L.Ed.2d 344 (1981) (*Mem.*), to comport with the Sixth Circuit policy outlined in *Badon:*

> Lost wages, lost benefits, and punitive damages are not recoverable against a union in an unfair representation action pursuant to section 301 ... [and i]t would be contrary to sound judicial policy to encourage actions to recover only the costs of litigation where no underlying right can any longer be vindicated in the action. [Citations omitted.]

*Badon, supra,* at 98. *See also, Vaca v. Sipes,* 386 U.S. 171, at 197, 87 S.Ct. 903, at 920, 17 L.Ed.2d 842 (1967).

Accordingly, the Local Union is dismissed, *sua sponte,* and with it the entire action. The case is dismissed at plaintiff's costs.

IT IS SO ORDERED.